IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| John F. Huntington, | ) | |
| | ) | CA No. 6:10-1940-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, John F. Huntington (Huntington), brought this action under 42 U.S.C. §

405(g) seeking judicial review of a final decision of the Commissioner of Social Security

(Commissioner) denying his claim for Social Security Disability Insurance Benefits (DIB) under

the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the

Report and Recommendation (Report) of the United States magistrate judge made in accordance

with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South

Carolina. (Dkt. No. 21.)[1] The Report recommends affirming the decision of the Commissioner to

deny DIB. The court adopts the Report and affirms the denial of DIB.

**I.**

Plaintiff filed an application for DIB on February 21, 2006, alleging that he became

disabled as of February 2, 2004 due to spondylosis; cardiomyopathy with a history of treatment

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

for congestive heart failure; depression; and anxiety/panic disorder.[2] His DIB application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on July 25, 2008. On August 20, 2008, the ALJ issued a decision denying Huntington's DIB claim. Huntington requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner.

Sanders then filed this action on July 26, 2010. The magistrate judge filed the Report on November 30, 2011, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Huntington timely filed objections to the Report on November 19, 2011. (Dkt. No. 22.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775  (4th Cir. 1972). In its review, the court may not "undertake to re-

---

[2]     Huntington later amended his onset date to December 30, 2005, but the ALJ considered his onset as originally alleged in February 2004.

weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

## III.

Huntington raises three objections to the Report. First, he states that the magistrate judge erred by accepting the ALJ's improper consideration of the combined effect of his impairments. Secondly, he states that the magistrate judge erred by accepting the ALJ's improper handling of his subjective complaints. Finally, Huntington alleges that the magistrate judge erred by adopting the ALJ's improper analysis of his transferrable skills. ALJ The court finds each of these objections unpersuasive.

## A.

Turning now to the first objection, the court finds that the magistrate judge properly accepted the ALJ's analysis of the combined effect of the claimant's impairments. As such, the court adopts the recommendation of the magistrate judge.

When analyzing impairments, the ALJ must "consider the combined effect of a claimant's impairments and not fragmentize them," and the ALJ must "adequately explain his or her evaluation of the combined effects of the impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th

Cir. 1989); *see also Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir. 1874) (stating that when considering multiple impairments, the issue before the court "is not only the existence of the problems, but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity"). Contrary to the claimant's objections, the ALJ did just that.

As noted in the Report, the ALJ considered the cumulative effect of the claimant's various impairments throughout his decision.[3] The ALJ stated, "The claimant does not have an impairment or combination of impairments" that qualifies him for DIB. Furthermore, the ALJ stated, "After careful consideration of the entire record the claimant could perform sedentary work with certain limitations. The ALJ "considered all symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." The court finds that the detailed discussion in the ALJ's decision properly satisfies the standard here, and the ALJ's decision is supported by substantial evidence. Accordingly, the court adopts the magistrate judge's reasoning and recommendation.

## B.

Additionally, Huntington alleges that the magistrate judge erred by adopting the ALJ's handling of claimant's subjective complaints. The court likewise finds this objection unpersuasive and adopts the recommendation of the magistrate judge.[4]

In the Report, the magistrate judge set forth the proper standard for analyzing the claimant's subjective complaints and thoroughly analyzed this issue as raised by the claimant,

---

[3]     The ALJ properly identified the standard for this analysis in steps two and three. (Tr. At 10.)

[4]     The court notes that the claimant's objections do not raise any new points as to this issue that were not adequately and properly addressed in the Report.

and the magistrate judge noted that the ALJ used the proper standard to analyze claimant's subjective complaints. The ALJ found that while the claimant's impairments could cause the complained-of symptoms, his statements regarding the intensity, persistence, and limiting effects of those symptoms were not credible. The ALJ, in significant detail, described how the claimant's complaints were inconsistent with his daily activities and apparent lack of limitation in those activities. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("The issue before us, therefore, is not whether [claimant] is disabled, but whether the ALJ's finding [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.").

Accordingly, the court finds that the ALJ properly considered the subjective complaints and the ALJ's credibility finding is supported by substantial evidence. The court adopts the reasoning and the recommendation of the magistrate judge as to this issue.

## C.

Finally, Huntington claims that the magistrate judge and ALJ erred by determining that the claimant had transferrable skills. The court likewise finds this objection unpersuasive and adopts the reasoning and recommendation of the magistrate judge.

Again, the claimant does not raise any issue here that was not adequately addressed in the Report. The court will note, however, that the ALJ considered the claimant's work history, education, and skills by way of written evidence and oral testimony, along with the testimony of an unbiased vocational expert. Only after taking testimony from the vocational expert did the ALJ determine that the claimant possessed transferrable skills. Essentially, the claimant is asking the court to reweigh the evidence as to his transferrable skills. Of course, that request is

improper. *See Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir. 2001) (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency). As such, the court adopts the reasoning and recommendation of the magistrate judge.

## IV.

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Huntington's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Huntington's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Huntington has objected, the court finds no basis for disturbing the Report. The magistrate judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by the magistrate judge. The court adopts the Report and its recommended disposition. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that Huntington was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").

After a thorough review of the record, the court finds the magistrate judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the magistrate judge and incorporates it here by reference.   Huntington's objections are

overruled.  For the reasons set out above and in the Report, the Commissioner's final decision is

**AFFIRMED.**

      **IT IS SO ORDERED.**

                                          <u>s/Timothy M. Cain</u>
                                          Timothy M. Cain
                                          United States District Judge

Greenville, South Carolina
March 9, 2012